FILED
July 20, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003645119

3
TRUDI G. MANFREDO, Bar No. 166474
Chapter 7 Trustee
545 East Alluvial, Suite 112
Fresno, California 93720
Telephone: (559) 449-9069
Facsimile: (559) 449-9016

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No. 11-15063-A-7 |
| BILLY JOE MURPHY and JANET MURPHY, | Chapter 7 |
| | DC NO. TMT-1 |
| | Date: August 17, 2011 |
| | Time: 9:00 a.m. |
| Debtors. | Dept: B, Fresno |
| | Honorable Whitney Rimel |

## TRUSTEE'S MOTION FOR AUTHORITY TO SELL THE BANKRUPTCY ESTATE'S INTEREST IN PERSONAL PROPERTY

Trudi G. Manfredo, Chapter 7 Trustee of the above referenced bankruptcy estate ("Trustee"), respectfully represents as follows:

1. Trustee is the duly appointed qualified and acting Trustee of the above-referenced bankruptcy estate.

2. Debtor filed under Chapter 7 of the Bankruptcy Code on April 29, 2011, and an order for relief was entered.

3. This Court has jurisdiction over this proceeding under 28 U.S.C. §1334(a). This is a core proceeding under 28 U.S.C.

1

§157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) by virtue of the pendency of this case before the Court.

4. Among the assets of this bankruptcy estate is the non exempt equity in the 2005 Dodge Caravan ("Personal Property").

5. Debtors' Schedule B values this asset at $3,975.00. They exempted this asset for $3,525.00 utilizing CCP §703.140(b)(2) and $450.00 for CCP § 703.140(b)(5).

6. Trustee believes that she could sell this Personal Property at auction for $5,200.00.

7. Trustee has received an offer from Debtors to purchase the non exempt equity in this asset for $500.00.

8. Trustee has accepted this offer and is currently holding $500.00 pending the Court's approval of the sale.

9. Trustee believes that this is a fair price for the Personal Property. If the Personal Property sold for $5,200.00, after subtracting auctioneer's commission of 15%, $445.00 would be generated to the bankruptcy estate, which is less than the amount offered by Debtors. The price to be received at auction is never certain, plus the delay involved in auctioning the vehicle is non warranted.

10. There will be no tax consequences to the estate as a result of the sale.

11. This is not the only asset in this estate; however, it is the last asset to be liquidated.

12. Trustee believes that the sale of the above-described property is in the best interest of the creditors of this estate and all parties in interest.

|   |   |
|---|---|
| 1 | WHEREFORE, Trustee prays |
| 2 | 1.   That the Motion be granted. |
| 3 | 2.   That the Court issue an order authorizing the sale of the |
| 4 | Bankruptcy Estate's interest in the above Personal Property to |
| 5 | Debtors for $500.00; |
| 6 | 3.   For such other and further relief as the Court deems just |
| 7 | and proper. |
| 8 | DATED: 7-11-11 |

By /s/ TRUDI G. MANFREDO
Trudi G. Manfredo, Chapter 7 Trustee